[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------
No. 05-13479
Non-Argument Calendar
------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00081-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO GABRIEL MARTINEZ-HAWKINS,
a. k. a. Alvaro Gabriel Martine Hawkins,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------

**(November 2, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alvaro Gabriel Martinez-Hawkins appeals his

sentence of 135 months' imprisonment to be followed by five years' supervised

release for possession with intent to distribute, five kilograms or more of cocaine while on broad a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903 (a),(g),(j)); 21 U.S.C. §960(b)(1)(B). No reversible error has been shown; we affirm.

In February 2004, a United States Coast Guard helicopter intercepted a "go-fast" boat off the coast of Columbia in international waters. The boat was carrying approximately 89 bales – over 2000 kilograms – of cocaine. Defendant and three other co-defendant crew members were arrested. One of Defendant's co-defendants was identified as the captain; another was identified as the overseer of the cocaine.

Defendant pleaded guilty without a written plea agreement. At sentencing, Defendant objected to the failure of the PSI to award him a mitigating role adjustment under U.S.S.G. §3B1.2. Defendant presented no supporting evidence for a role-reduction at sentencing; nonetheless, he argued that a minor role adjustment was warranted because he had no ownership interest in the boat or cocaine, he was neither the captain nor the overseer, and he had no control over the amount of cocaine. The district court overruled Defendant's objection; it concluded that Defendant was "similarly situated to all the others, and his role was

critical in being one of the crew members aboard the vessel carrying 2000 kilograms of cocaine. No small amount."

On appeal, Defendant argues that the district court clearly erred when it failed to grant him a minor role adjustment. In support of his minor participant argument, Defendant focuses on the fact that he was merely a crewman with no special skills and seeks to highlight the larger roles played by the captain and overseer: two of the other three co-defendants. According to Defendant, he was "nonessential;" his participation was "negligible and rudimentary" and less than that of the average participant.

Section 3B1.2(b) of the United States Sentencing Guidelines allows for a two-level reduction in a defendant's base offense level if the sentencing court determines that the defendant was a minor participant in the offense. A minor participant is a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5.). In <u>United States v. De Varon</u>, 175 F.3d 930 (11th Cir. 1999), we set out two measurements that inform the sentencing court's mitigating-role-in-the-offense determination: (1) the defendant's role against the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. <u>Id</u>. at 940. About the first

measurement, De Varon counsels that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second measurement, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first measurement is the most important and, in many cases, may end the inquiry. Id. at 945.

"The proponent of the downward adjustment ... always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939. A very substantial amount of drugs was involved. That Defendant was one of only four crew members shepherding such a large drug quantity weighs against a role mitigation. See id. at 943. The district court concluded that Defendant was similarly situated to the other crew members and described his role as "critical." Defendant presented no evidence; he failed to show that his culpability was sufficiently distinguishable from other participants to

4

warrant mitigation.[*]  The district court committed no clear error in refusing to grant Defendant a minor-role adjustment.

AFFIRMED.

---

[*]We accept that the boat's captain played a larger role than that of Defendant; the captain received a role enhancement at sentencing. That the captain merited an upward role adjustment does not mean that the others on the boat were not each average participants in the offense conduct.  And, even assuming arguendo that the overseer played a larger role, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants."  De Varon, 175 F.3d at 944.